IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–00442–EWN–PAC


eSOFT, INC., a Delaware corporation,

     Plaintiff,

v.

BLUE COAT SYSTEMS, INC. (f/k/a
CacheFlow, Inc.), a Delaware corporation,

     Defendant.

---

# ORDER

---

     This is a patent infringement case.  Plaintiff eSoft, Inc. alleges that Defendant Blue Coat

Systems, Inc. has infringed upon its patent, entitled "System and Method for Managing

Application Service Providers," United States Patent No. 6,961,773 (the "'773 Patent").  This

matter is before the court on Defendant "Blue Coat Systems, Inc.'s Motion to Stay Pending

Outcome of Inter Partes Reexamination Proceedings," filed January 16, 2007.

     A brief review of the procedural history will bring the issues into focus.  Plaintiff instituted

the present action on March 13, 2006.  (Compl. [filed Mar. 13, 2006].)  On January 9, 2006, just

over a month prior to the dispositive motions deadline in this case, Defendant filed its "Request

for Inter Partes Reexamination" of the '773 Patent with the United States Patent and Trademark

Office ("PTO").  (Blue Coat Systems, Inc.'s Mot. to Stay Pending Outcome of Inter Partes

Reexamination Proceedings, Ex. 1 at 80 [PTO Request] [filed Jan. 16, 2007] [hereinafter "Def.'s

Br."].)  Therein, Defendant contends that the '773 Patent is invalid based on no fewer than

twenty-three prior art patents and publications not considered during the prosecution of the '773

Patent.  (*Id.*, Ex. 1 *passim* [PTO Request].)  On January 16, 2007, Defendant filed a motion to

stay proceedings in this court pending the outcome of the PTO reexamination.  (*Id.*)  Plaintiff

opposes the motion.  (eSoft's Resp. in Opp'n to Blue Coat's Mot. to Stay [filed Feb. 8, 2007]

[hereinafter "Pl.'s Resp."].)  On February 13, 2007, Defendant filed six separate motions for

summary judgment: (1) four motions concerning the invalidity of the '773 Patent based on prior

art; and (2) two motions concerning non-infringement of the '773 Patent.  (*See*

06–cv–00442–EWN–PAC, Docket Nos. 58, 60, 62, 65, 69, 74.)

**1.**     ***Patent Reexamination***

    ***a.***     ***Procedure***

    Any person may request PTO reexamination of the patentability of an unexpired United

States patent.  35 U.S.C. § 302 (2006).  A request for patent reexamination may be based on

prior art patents or publications (*i.e.*, patents or publications predating the patent at issue) that

raise a "substantial new question of patentability."  *Id.* § 303(a).  Within three months of such a

request, the PTO, through patent examiners familiar with the technologies involved in the patent,

must determine whether a "substantial new question of patentability" exists.  *Id.* § 303(a);

*Broadcast Innovation, L.L.C. v. Charter Comm., Inc.*, 2006 WL 1897165, at *1–2 (D. Colo. July

11, 2006).  If reexamination is granted, the parties are given the opportunity to present position

statements to the PTO, which examines the patent claims in an *ex parte* fashion.  35 U.S.C. § 304.

If reexamination is not granted, the decision is final and may not be appealed.  *Id.* § 303(a).

Significantly, a PTO decision to cancel a patent renders the patent unenforceable in

pending litigation.  *Broadcast Innovation*, 2006 WL 1897165, at *1–2 (citing 35 U.S.C. §§

301–02, 307[a]).  Although not binding, a PTO decision upholding the validity of reexamined

patent claims is strong evidence that a district court must consider in assessing whether the party

asserting invalidity has met its burden with clear and convincing evidence.  *Id.*; *Custom*

*Accessories, Inc. v. Jeffery-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir. 1986).

**b.**    ***Purpose***

"Congress instituted the reexamination process to shift the burden of reexamination of

patent validity from the courts to the PTO.  Patent validity is a commonly asserted defense in

litigation and courts are cognizant of Congress's intention of utilizing the PTO's specialized

expertise to reduce costly and timely litigation."  *Canady v. Erbe Elektromedizin GmbH*, 271 F.

Supp. 2d 64, 78 (D. D.C. 2002) (citing H.R. Rep. No. 1307, 96th Cong., 2d Sess., pt. 7 at 4

[1980], reprinted in 1980 U.S.C.C.A.N. 6460).  Courts recognize that shifting the patent validity

issue to the PTO has many advantages, including: (1) all prior art presented to the court will have

been first considered by the PTO, with its particular expertise; (2) the outcome of the

reexamination many encourage a settlement; (3) issues, defenses, and evidence will be more easily

limited in final pretrial conferences after a reexamination; and (4) costs will likely be reduced both

for the parties and the court.  *Emhart Indus., Inc. v. Sankyo Seiki Mfg. Co.*, 3 U.S.P.Q.2d 1889,

1890 (N.D. Ill. 1987).

Courts frequently note that "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays." *Robert H. Harris Co. v. Metal Mfg. Co.*, 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark. 1991). Further, "[w]hen a district court stays patent validity proceedings before it until completion of a reexamination proceeding, that stay must be accepted if the purpose of the reexamination statute is to be preserved." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir.), *cert. denied*, 464 U.S. 935 (1983).

This court has previously stated:

> During the course of a stay, the court retains jurisdiction to respond to changing factual circumstances with appropriate orders. Thus, if a stay is granted prior to the decision from the [PTO] as to whether a substantial new question of patentability exists, the court can issue an order lifting the stay upon a negative determination, thereafter deciding all pending motions and, if necessary, proceeding to trial. Similarly, the court may dissolve the stay when preliminary reports from the [PTO] reveal that some of the claims at issue will survive reexamination. The court would then await the PTO's decision for guidance on pending motions and, if necessary, trial. If no claims survive, neither does the court's work.

*Broadcast Innovation*, 2006 WL 1897165, at *2 (citations omitted).

**2.    *Weighing the Need for a Stay***

"A motion to stay an action pending the resolution of a reexamination proceeding in the [PTO] is directed to the sound discretion of the court." *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 1997 WL 94237, at *8 (D. Kan. 1997). Indeed, the Supreme Court has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

for litigants.  How this can best be done calls for the exercise of judgment. . . ."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Courts generally apply a four-factor test when determining whether a stay should be granted pending reexamination: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.  *Broadcast Innovation*, 2006 WL 1897165, at *4 (citing *Tap Pharm. Prods. Inc. v. Atrix Labs., Inc.*, 70 U.S.P.Q.2d 1319, 1320 [N.D. Ill. 2004]; *Nexmed Holdings, Inc. v. Block Inv., Inc.*, 2006 WL 149044, at *1 [D. Utah Jan. 19, 2006]).  Courts frequently collapse the first and fourth factors.  *See id.* at *4 n.6.

### a.        Factors One and Four: Simplification of Issues

Plaintiff argues that the '773 Patent is "straightforward" and, consequently, the PTO's determinations will be of little use in this litigation.  (Pl.'s Resp. at 12.)  This court's review of the seventeen pages of the '773 Patent suggests that it is anything but "straightforward" to one who does not bring an understanding of information systems and programming to the table.  (*See* Am. Compl., Ex. 1 *passim* ['773 Patent] [filed June 9, 2006].)  The court recognizes that other patents may well be much more complex than the '773 Patent.[1]  Nevertheless, the specialized expertise

_____

[1]Plaintiff cites a variety of cases purportedly suggesting that courts only grant stays for reexamination of "technical and complex" patents.  (Pl.'s Resp. at 13.)  Neither Plaintiff nor the cases it cites furnish a standard for adjudging the relative "complexity" of a patent.  *See EchoStar Technologies Corp. v. TiVo, Inc.*, 2006 WL 2501494, at *4 (E.D. Tex. July 14, 2006) (granting

the PTO can bring to bear on the question whether prior art undermines the validity of the

patent's claims would unquestionably help this court resolve Plaintiff's case expeditiously,

efficiently, and — most importantly — correctly.

Indeed, the reexamination procedure was intended "to provide an inexpensive, expedient

means of determining patent validity which, if available and practical, should be deferred to by the

courts." *Digital Magnetic Sys., Inc. v. Ansley*, 213 U.S.P.Q. 290, 290 (W.D. Okla. 1982).  The

Federal Circuit has explained that a major "purpose of the reexamination procedure is to eliminate

trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the

district court with the expert view of the PTO (when a claim survives the reexamination

proceedings)." *Gould*, 705 F.2d at 1342.  Accordingly, the first and fourth factors weigh heavily

in favor of issuing a stay: (1) if the '773 Patent's claims survive reexamination, then this court will

have an expert opinion undermining four of Defendant's summary judgment motions; and (2) if

reexamination leads to the cancellation of the '773 Patent's claims, then Plaintiff's case will

evaporate.  Moreover, a stay of the instant matter will preclude inefficiencies created by potential

inconsistencies between determinations by this court and the PTO, which would unquestionably

stay in case concerning patent involving digital video recorders); *Lentek Int'l v. Sharper Image Corp.*, 169 F. Supp. 2d 1360, 1363 (D. Fla. 2001) (granting stay in case concerning patent involving lint brush technology); *Broadcast Innovation*, 2006 WL 1897165, at *1, 5 (granting stay in case concerning patent involving a "distributed database system").  On a grand scale of complexity, it would seem the instant patent falls somewhere between a lint brush and a "distributed database system."

impact other cases currently pending in this district.[2]  *See Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1636 (S.D.N.Y. 2000) ("[I]f the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims.").  Thus, I find that deferral to the expertise of the PTO will streamline the issues and reduce the burden of litigation for both the parties and this court.

> ### b.     *Factor Two: Completion of Discovery and Trial Setting*

The trial date in this case has yet to be set, but discovery is at or near completion.  (*See* Prelim. Pretrial Order at 7–8 [filed Jan. 31, 2007].)  However, completion of discovery does not necessarily counsel against staying a patent infringement action.  *See, e.g.*, *Gould*, 705 F.2d at 1342 (granting motion to stay proceedings five years into litigation and twenty days before scheduled trial date); *Middleton, Inc. v. Minn. Mining & Mfg. Co.*, 2004 U.S. Dist. LEXIS 16812, at *35 (S.D. Iowa 2004) (granting motion to stay proceedings eight years after start of litigation and less than two months before trial); *Loffland Bros. Co. v. Mid-Western Energy*

_____

[2]In this district, Plaintiff is presently pursuing five other cases based on allegations of infringement of the '773 Patent.  *See eSoft, Inc. v. Barracuda Networks, Inc.*, Civil Action No. 06–cv–00435–REB–MEH (stay granted); *eSoft, Inc. v. Astaro Corp.*, Civil Action No. 06–cv–00441–REB–MEH (motion to stay pending; Plaintiff asserts case has settled); *eSoft, Inc. v. Fortinet, Inc.*, Civil Action No. 06–cv–00443–REB–CBS (stay granted); *eSoft, Inc. v. SonicWALL, Inc.*, Civil Action No. 06–cv–00445–LTB–PAC (stay granted); *eSoft, Inc. v. St. Bernard Software, Inc.*, Civil Action No. 06–cv–00697–EWN (motion to stay pending; Plaintiff asserts case has settled).

*Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985) (granting motion to stay proceedings after significant discovery, rulings on dispositive motions, pretrial conference and setting of initial trial date); *see also Motson v. Franklin Covey Co.*, 2005 WL 3465664, at *2 (D. N.J. 2005) (granting stay despite discovery being complete and summary judgment decided); *Softview*, 56 U.S.P.Q.2d at 1636 (granting stay after summary judgment motions were served); *Robert H. Harris Co.*, 19 U.S.P.Q.2d at 1789 (granting stay one month prior to trial date).

Indeed, a recent case from the Eastern District of Michigan presented facts surprisingly similar to the ones presented by the instant case, which cut in favor of issuing a stay:

> This action has been pending for less than a year. Undoubtably the parties have spent considerable time and resources thus far — substantial discovery has been conducted and the parties have submitted witness lists and three lengthy summary judgment motions. Yet far more time and resources remain to be spent before this matter is concluded. Two responses to motions for summary judgment must be submitted, the Court has not begun to review those motions, and much remains to be done by the parties and the Court to prepare this case for trial.

*Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach. Inc.*, 68 U.S.P.Q.2d 1755, 1758 (E.D. Mich. 2003). The instant case has been pending for less than a year. (*See* Compl.) While the parties have undoubtably spent considerable time and resources thus far, far more time and resources are yet to be devoted to the case, as Plaintiff has yet to respond to Defendant's six motions for summary judgment and this court has yet to evaluate those motions. And, as set forth above, the PTO's determination will assuredly aid in the resolution of such motions. Moreover, although Plaintiff appears to suggest that Defendant filed its PTO petition as a dilatory measure, Plaintiff points to nothing suggesting when Defendant became aware of the prior art that supports its PTO petition. (*See* Pl.'s Resp. at 1 & n.1.) I see no reason why Defendant would have

gathered such information prior to receipt of Plaintiff's complaint.  Consequently, I find this second factor does not weigh strongly in Plaintiff's favor.

        *c.*      ***Factor Three: Undue Prejudice to Plaintiff***

        The only prejudicial impact Plaintiff suggests it would suffer were this court to grant a stay is delay in prosecution of its case.  (*Id.* at 5–10.)  While Plaintiff argues that the PTO reexamination process could last two years — and up to five if Plaintiff were to receive and appeal an unfavorable decision — Plaintiff neglects to articulate *how* such delays would unduly prejudice its position in the instant litigation.  (*See id.*)  In light of Plaintiff's failure to articulate how it will be prejudiced, I find its bald assertion that the prejudice will be "severe" to be disingenuous.  Moreover, Congress has provided that "reexamination proceedings, . . . including any appeal to the Board of Patent Appeals and Interferences, will be conducted with *special dispatch.*"  35 U.S.C. § 305 (emphasis added); *see also Gould*, 705 F.2d at 1341 (stating that a stay in deference to PTO reexamination proceedings "is not for such a protracted or indefinite period as to render its issuance an abuse of discretion"); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982) (stay extending for seven years or longer is an abuse of discretion).  Accordingly, I find that the third factor does not weigh heavily in Plaintiff's favor.

        Pursuant to section 318 of the Patent Statute, a court is not to issue a stay if it "would not serve the interests of justice."  35 U.S.C. § 318.  Considering all of the aforementioned factors together, the first and the fourth counsel strongly in favor of ordering a stay of the instant action, which, in turn, would allow both the court and the parties to reap the substantial benefits of PTO reexamination articulated in *Emhart Industries*, discussed *supra*.  The court finds a high likelihood

that results of the PTO's reexamination would have a dramatic effect on the issues before the court, up to and including dismissal of the entire action if the patent claims are cancelled.  In any event, the court will benefit from the PTO's expertise and determination on reexamination, and Plaintiff will not be unduly prejudiced by the stay.  In light of the foregoing, I find that a stay of this case is in the interests of justice.

*3.*     *Conclusion*

Based on the foregoing, it is therefore ORDERED that:

1.     DEFENDANT's motion (#49) to stay is GRANTED.

2.     Proceedings in the above-captioned case are STAYED until April 20, 2007, at which time the parties will file status reports.

3.     The parties shall immediately advise the court of the PTO's decision to grant or deny Defendant's petition for reexamination of United States Patent No. 6,961,773.  This court will lift the stay or administratively close the case pending that initial determination.

4.     The parties shall promptly advise the court of any final decision resulting from the PTO's reexamination of the patent.

Dated this 15th day of February, 2007

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge